Justice GOLDBERG
with whom Justice INDEGLIA joins, dissenting.
Because we disagree with the majority’s approach to the issues in this case and its consequences to the parties, we respectfully dissent. In our opinion, the majority fails to do justice to either side of this controversy.
Sportsman’s Inn, Inc., DLM, Inc., and DLM Realty, LLC (collectively, defendants) appealed an order that granted a preliminary injunction enjoining defendants from encumbering, alienating, or conveying the property at 122 Fountain Street. This decision was reached based on the trial justice’s discretionary finding that Gilberto Vasquez (plaintiff) had demonstrated a sufficient likelihood of success to subject defendants to liability under traditional negligence principles. In the Superior Court and on appeal to this Court, the parties’ primary and central focus has been whether the corporate veil should be pierced such that recognized corporate protections — which shield a corporation from liability — should be disregarded. Indeed, the briefing and oral argument in this case were devoted almost *322 entirely to the question of whether the various corporate entities should be required to defend and respond in damages. Even so, the majority bypasses these arguments and vacates the preliminary injunction based on its conclusion that the trial justice erred in failing to cite record evidence to support his findings on the underlying negligence claim, and thus abused his discretion in finding that plaintiff had demonstrated a reasonable likelihood of success on the merits of the claim.
In declining to address this principal dispute, the majority has cited and relied on dicta in a prior case of this Court as authority; we take issue with its conclusion. See Doe v. Gelineau, 732 A.2d 43, 48-49 (R.I.1999). However, based on the majority’s failure to address the issue, our concerns about these dicta are immaterial and will wait for another day.
We would affirm the trial justice’s order for a preliminary injunction simply to preserve the corporate assets and prevent their encumbrance, alienation, or conveyance until the case is resolved. In our opinion; the interests of justice are not served by the majority’s opinion.
For the above reasons, we respectfully dissent.